UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-00687-JVS (ANx)    Date  June 16, 2015

Title  Garmaliel Aguirre, et al. v. Genesis Logistics, et al.

Present: The Honorable    James V. Selna

Karla J. Tunis                                Not Present
Deputy Clerk                                 Court Reporter

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Not Present                                 Not Present

**Proceedings:**     **(IN CHAMBERS)**
                    **Order Granting Defendant's Motion for Permanent Injunction**

    Defendant Genesis Logistics, Inc. ("Genesis") moves to enjoin Plaintiffs Garmaliel Aguirre, Luis Bernal, Kareem Craig, Greg Guerrero, Martha Hildebrand, Bret Lambourne, Matthew Lambourne, Dan Le Boeuf, Carlos Martinez, Brian Mata, John M. Ortega, Anthony Ortiz, Henry Rendon, Kenny Swails, and all other aggrieved employees (collectively, "Plaintiffs") and their counsel from continuing further proceedings against Genesis in a California state court action captioned Kevan Elefsrud, et al. v. Genesis Logistics, Inc., Case No. 30-2014-00712149-CU-OE-CXC (Super. Ct. Cal. Mar. 21, 2014) (hereinafter Elefsrud). (Mot. Permanent Inj., Docket No. 185.) Plaintiffs opposes (Opp'n Mot. Permanent Inj., Docket No. 190), and Defendant has replied. (Reply Supp. Mot. Permanent Inj., Docket No. 191.)

    As set forth below, Genesis' Motion for a Permanent Injunction is **GRANTED**.

**I.     Background**

    This action arises out of a labor dispute between truck drivers and their employer regarding the issue of alleged unpaid meal breaks, unpaid wages, inaccurate wage statements, waiting time issues, and record-keeping issues. Plaintiffs filed a Complaint against Genesis alleging violations of the Private Attorney General Act ("PAGA") Cal. Lab. Code § 2699, California's Unfair Competition Law § 17200, et seq. ("UCL"), and waiting time penalties under Cal. Lab. Code §§ 201-203. (Compl., Docket No. 1.) On January 14, 2014, The Court issued a Final Judgment. (Final J., Docket No. 124.) The Court found, inter alia, in favor of Genesis on Plaintiffs' wage statement claims under the UCL for lack of statutory standing but found in favor of Plaintiffs on their wage

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00687-JVS (ANx) | Date | June 16, 2015 |
|---|---|---|---|
| Title | Garmaliel Aguirre, et al. v. Genesis Logistics, et al. | | |

statement claims under PAGA. (Final J., Docket No. 124.) The Court issued a PAGA penalty of $500,000.00. (Id.)

On February 12, 2014, Plaintiffs appealed the Final Judgment to the United States Court of Appeals for the Ninth Circuit. (Notice Appeal, Docket No. 137.) On March 21, 2014, additional Genesis employees represented by Plaintiffs' counsel initiated the Elefsrud action against Genesis for inaccurate wage statement claims under Cal. Lab. Code § 226 ("§ 226") and the UCL in California state court. On May 14, 2015, Genesis moved for a permanent injunction enjoining further proceedings in Elefsrud.

On May 15, 2015, as a result of the filed appeal, the Court of Appeals remanded the case for the limited purpose of enabling the Court to consider Plaintiffs' Federal Rule of Civil Procedure ("FRCP") 60(b) motion. (Order re Appeal, Docket No. 188.)

**II. Legal Standards**

**1. Jurisdiction Pending Appeal to Enjoin State Court Proceedings**

Under 28 U.S.C. § 2283 ("§ 2283"), "a court of the United States may not grant an injunction to stay proceedings in a state court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The exception to the rule recognizes that "the court has inherent power to preserve the status quo where, in its sound discretion, the court deems the circumstances so justify." McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union, 686 F.2d 731, 734 (9th Cir. 1982). This exception "has been codified in Rule 62(c) of the FRCP, which allows a district court to 'suspend, modify, restore, or grant an injunction during the pendency of the appeal upon such terms as to bond or otherwise as it considers proper for the security of the rights of the adverse party.'" Natural Res. Def. Council, Inc. v. Sw. Marine Inc., 242 F.3d 1163, 1166 (9th Cir. 2001) (quoting Fed. R. Civ. P. 62(c)). The Ninth Circuit has warned that the rule "does not restore jurisdiction to the district court to adjudicate anew the merits of the case" and that any action taken pursuant to it "may not materially alter the status of the case on appeal." Id. (citations and quotation marks omitted). See also McClatchy, 686 F.2d at 735.

**2. Enjoining State Proceedings Pursuant to the Re-litigation Exception**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-00687-JVS (ANx)                Date  June 16, 2015

Title  Garmaliel Aguirre, et al. v. Genesis Logistics, et al.

**Under § 2283**

The re-litigation exception allows a federal court to enjoin state court proceedings in order to "to protect or effectuate its judgments." 28 U.S.C. § 2283. This exception's purpose is to "permit a federal court to prevent state litigation of an issue that previously was presented to and decided by the federal court." Chick Kam Choo v. Exxon Corp., 486 U.S. 140, 147 (1988). The re-litigation exception "is founded in the well-recognized concepts of res judicata and collateral estoppel" and "rests on the idea that federal courts should not be forced to rely on state court application of res judicata or estoppel principles to protect federal court judgments and decrees." Id.; Thomas v. Powell, 247 F.3d 260, 262 (D.C. Cir. 2001). The Ninth Circuit adopts the interpretation that § 2283 is not limited to instances where the claim was "actually litigated" in a prior court proceeding; "to read Choo as the other Circuits have, however, would in essence be to read res judicata entirely out of section 2283." Western Sys. Inc. V. Ulloa, 958 F.2d 864, 870 (1992). Instead, the "test for whether a subsequent action can be barred is whether it arises from the same 'transaction, or series of transactions' as the original action." Id. at 871.

In determining whether the injunction in the instant case falls within the scope of the re-litigation exception, one must "examine whether there could be an actual conflict between the subsequent state court judgment and the prior federal judgment. If such a conflict is possible, then the district court may properly enjoin the state court proceedings." Blalock Eddy Ranch v. MCI Telecomms. Corp., 982 F.2d 371, 375 (9th Cir. 1992).

**III.   Discussion**

   **A.   Jurisdiction Pending Appeal to Enjoin State Court Proceedings**

Genesis contends that the Court has jurisdiction to grant the Motion because the Court retains jurisdiction during the pendency of an appeal to preserve the status quo. (Reply Supp. Mot. Permanent Inj., p. 2.) Plaintiffs argue that the Ninth Circuit issued a limited remand that only allowed the Court to consider Plaintiffs' FRCP 60(b) motion. (Opp'n Mot. Permanent Inj., p. 3-4.)

The Court agrees with Genesis that the Court has the power to entertain this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00687-JVS (ANx) | Date | June 16, 2015 |
|---|---|---|---|
| Title | Garmaliel Aguirre, et al. v. Genesis Logistics, et al. | | |

motion. The Court's power to act is not predicated on the Ninth Circuit's limited remand. Enjoining a state action pursuant to the re-litigation exception is allowed if "the principles underlying Rule 62 can be used as the jurisdictional vessel for a § 2283 motion when the judgment of the court and the positions in which the court has placed the parties are in danger of being negated during the pendency and in spite of an appeal of the same." Hayward v. Clay, 456 F. Supp. 1156, 1160 (D.S.C. 1977).

Here, the principles of preserving the status quo under Rule 62 allows the Court to enjoin the state court proceedings because it has the "practical effect of preserving the respective positions in which the court has placed the parties vis-a-vis each other" and "effectuates the policy of ending litigation." Hayward 456 F. Supp. at 1160. More broadly, however, the Court has the inherent power to preserve and uphold the integrity of its judgment because it preserves the status quo of its earlier decision in Aguirre. Also, the decision to hear and decide the Motion for a Permanent Injunction does not materially alter the status of the case on appeal. Therefore, the Court has the jurisdiction to enjoin the state court proceedings even after the Court of Appeals issued a limited remand because the circumstances justify its use of its inherent power to preserve its previous judgments.

**B.    Enjoining State Proceedings Pursuant to the Re-litigation Exception Under § 2283**

Genesis argues that the Court already remedied Elefsrud's § 226 inaccurate wage statement claims under PAGA and found the UCL claims lacked standing to assert. (Mot. Permanent Inj., p.10.) Plaintiffs contend that Elefsrud should not be enjoined because Elefsrud's § 226 inaccurate wage statement claims were not pleaded in Aguirre and the UCL claims were not adjudicated on the merits. (Opp'n Mot. Permanent Inj., p.4-5.) In order to determine whether there is actual conflict between the subsequent state court judgment and the Court's judgment, the Court looks to see whether the (1) claims in the Elefsrud proceeding and (2) the identity of the parties are the same in Aguirre. See Chick Kam Choo, 486 U.S. at 148 (1988).

    **1.    Same Claims**

Plaintiffs argue that Elefstrud's claims are not the same as Aguirre's claims because (a) Elefsrud's § 226 inaccurate wage statement claims were not pleaded in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00687-JVS (ANx) | Date | June 16, 2015 |
|---|---|---|---|
| Title | Garmaliel Aguirre, et al. v. Genesis Logistics, et al. | | |

Aguirre and (b) the UCL claims were not adjudicated on the merits. (Opp'n Mot. Permanent Inj., p.4-5.)

### a.  Elefsrud's § 226 Claims

Plaintiffs contend that the § 226 claims in Elefsrud are not the same as the PAGA claims in Aguirre, because the § 226 claims were not pleaded in Aguirre. Plaintiffs' position may be accurate, but it is not controlling. "'One injury gives rise to only one claim for relief.' . . . 'The violation of one primary right constitutes a single cause of action. . . .'" Villacres v. ABM Indus., Inc., 189 Cal. App. 4th 562, 577 (2010) (quoting Crowley v. Katleman, 8 Cal. 4th 666, 681-82 (1994)). There is no authority that "would permit double recovery of essentially the same penalties." Li v. A Perfect Day Franchise, Inc., No. 5:10-CV-01189-LHK, 2012 WL 2236752, at *17 (N.D. Cal. June 15, 2012) (explaining that plaintiffs could not receive PAGA penalties after they were awarded § 226 penalties).

Here, the Court declined to award penalties under § 226 and PAGA because it recognized that penalties under § 226 and PAGA were duplicative. (Order re Remaining Claims, Docket No. 119.) In Li, the court did not award PAGA penalties along with § 226 penalties because the recovery would have permitted double recovery. Here, the Court enjoins the § 226 claims in Elefsrud because it leads to double recovery of the PAGA penalty issued in Aguirre. There is only a single cause of action because the only primary right violated was the accurate wage statements which was already remedied by the PAGA penalty.

Furthermore, "if the matter raised in the subsequent suit was within the scope of the prior action, related to the subject matter and relevant to the issues, so that it could have been raised, the judgment is conclusive on it despite the fact that it was not in fact expressly pleaded or otherwise urged." Villacres, 189 Cal. App. 4th at 583-84. Claims that could have been raised in the prior action are barred in subsequent actions for purposes of res judicata. Id. at 584; Western Sys. Inc., 958 F.2d at 870-71. Here, the § 226 claims could have been brought in Aguirre because Plaintiffs' own expert report identified and calculated damages under § 226 and PAGA. (Supp. Disclosure, Docket No. 68.) Aguirre's PAGA claims were also predicated on § 226. (Order re Summ. J., p. 15-16, Docket No. 93.) Contrary to Plaintiffs' vigorous argument at the hearing, Villacres not only does not support their position, it directly contradicts it.  That Villacres was a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-00687-JVS (ANx)    Date  June 16, 2015

Title  Garmaliel Aguirre, et al. v. Genesis Logistics, et al.

class action is of no moment.

Plaintiffs rely upon <u>Iskanian v. CLS Transp. Los Angeles LLC</u> for the proposition that they can bring different lawsuits to separately pursue their claims under § 226 and PAGA because adjudication of PAGA claims is not the same as the adjudication of Labor Code claims. 59 Cal. 4th 348, 361 (2014). However, <u>Iskanian</u> did not turn on res judicata or the re-litigation exception injunction. Also the claims in <u>Iskanian</u> were not adjudicated in a prior federal court judgment. The <u>Iskanian</u> case was related to determining the appropriate forum for claims, none of which had been asserted in prior actions.

Therefore, although the § 226 claims were not pleaded in <u>Aguirre</u>, the duplicative recovery of <u>Elefsrud</u>'s § 226 claims allows the Court to enjoin the state court proceeding because the inaccurate wage statement claims gives rise to only one cause of action. Additionally, the § 226 claims in <u>Elefsrud</u> are barred because they are related to the PAGA claims and could have been raised in <u>Aguirre</u>.

### b.    <u>Elefsrud</u>'s UCL Claims

Plaintiffs contend that the UCL claims were not adjudicated on the merits. (Opp'n Mot. Permanent Inj., p.4-5.) The Court disagrees. Although <u>Nichols v. Canoga Industries</u> correctly states that a dismissal for a lack of jurisdiction is not an adjudication on the merits, here, the UCL claims were dismissed for lack of statutory standing, not for lack of jurisdiction. 83 Cal. App. 3d 956 (1978); (Order re Summ. J., p. 16.) Dismissal based on lack of statutory standing is adjudication on the merits. Therefore the UCL claims can be enjoined because they have been adjudicated on the merits in <u>Aguirre</u>.

In oral argument, Plaintiffs cited to <u>Media Technologies Licensing, LLC. v. Upper Deck Co.</u> for the proposition that "standing is jurisdictional issue [and] a lack of standing precludes a ruling on the merits." 334 F.3d 1366, 1370 (Fed. Cir. 2003). However, <u>Upper Deck</u> is not an UCL, and dealt only with Article III standing. Lack of UCL standing is "properly viewed as a dismissal for failure to state a claim . . .[and] therefore viewed properly under Federal Rule of Civil Procedure 12(b)(6) rather than 12(b)(1)." <u>Thomas v. Sprint Solutions, Inc.</u>, No. C08-5119 TEH, 2010 WL 1263189, at *4 (N.D. Cal. Mar. 30, 2010) (citing <u>In re Tobacco II Cases</u>, 46 Cal. 4th 298, 326 (2009)). The Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a "judgment on the merits" to which res judicata applies. <u>Federated Dep't Stores, Inc. v.</u>

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-00687-JVS (ANx) | Date | June 16, 2015 |
| Title | Garmaliel Aguirre, et al. v. Genesis Logistics, et al. | | |

Moitie, 452 U.S. 394, 399 n.3 (1981); Stewart v. U.S. Bancorp, 297 F.3d 953, 957 (9th Cir. 2002).

    Therefore, the claims brought in Elefsrud fall under the re-litigation exception because (1) Elefsrud's inaccurate wage statement claims under § 226 were remedied by PAGA and could have been brought in Aguirre, (2) the UCL claims are the same because UCL claims were adjudicated on the merits of the claim, and (3) the parties are the same in both cases.

### 2. Identity of Parties

    Genesis maintains that the parties in Elefsrud are the same parties that were compensated in this action. (Mot. Permanent Inj., p.5-7.) Plaintiffs contend that there was no prior class action with overlapping plaintiffs because the Court did not certify the PAGA action class. (Opp'n Mot. Permanent Inj, p.8-9.) The Court agrees with Genesis. The availability of a § 2283 injunction against those who were not parties in the original federal action has been long standing law; injunctions may be granted for "matter already partly litigated in the same court, or which is an addition to a former litigation in the same court, by . . . . representatives standing in the same interest, or to obtain and secure the fruits, benefits, and advantages of the proceedings and judgment in a former suit in the same court. . . ." Julian v. Cent. Trust Co., 193 U.S. 93, 113 (U.S. 1904); see Hayward, 456 F. Supp. at 1162; Swann v. Charlotte-Mecklenburg Bd. of Ed., 501 F.2d 383, 383 (4th Cir. 1974); In re Itel Sec. Litig., 596 F. Supp. 226, 232 (N.D. Cal. 1984).

    Here, even though the PAGA claims were not class certified, the Court may enjoin Plaintiffs' inaccurate wage statement claims and the UCL claims brought in Elefsrud because the plaintiffs' in Elefsrud are representatives standing in the same interest in Aguirre who are attempting to secure the benefits of a judgment in a former suit. Moreover, the plaintiffs in Elefsrud are the same as the Plaintiffs in Aguirre. (Reply Supp. Mot. Permanent Inj., p. 4-5.)

    Plaintiffs counter with the contention that under Arias v. Superior Court, they can recover § 226 penalties in Elefsrud because the Arias court found the collateral estoppel effect still allowed the new plaintiffs to "obtain remedies other than civil penalties for the same labor code violation." 46 Cal. 4th 969, 987 (2009); (Opp'n Mot. Permanent Inj., p.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SACV 12-00687-JVS (ANx) | Date | June 16, 2015 |
|---|---|---|---|
| Title | Garmaliel Aguirre, et al. v. Genesis Logistics, et al. | | |

10-13.) However, the Arias court stated that the subsequent case must involve different plaintiffs than the prior case in order to avoid collateral estoppel. Arias, 46 Cal. 4th at 987. Here, Arias does not apply because the plaintiffs in Elefsrud are the same as the Plaintiffs in Aguirre. (Reply Supp. Mot. Permanent Inj., p. 4-5.)

Both conditions for issuing an injunction under § 2283 have been met. At oral argument, Plaintiffs' counsel noted that Plaintiffs were pursuing claims that occurred after the Final Judgment date of January 14, 2014. Accordingly, the Court limits the scope of the injunction to claims that were accrued up to January 14, 2014.

### C. Violations of 28 U.S.C. § 1927

In their Opposition, Plaintiffs contend that Genesis violated 28 U.S.C. § 1927 ("§ 1927"). (Opp'n Mot. Permanent Inj., p. 12.) Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

An opposition is not a proper vehicle for requesting such relief. In any event, there is no evidence that Genesis acted with recklessness or bad faith. Genesis withheld action only to make sure the plaintiffs in both cases were the same before filing the Motion. (Reply Supp. Mot. Permanent Inj., p.13.)

### IV. Conclusion

For the foregoing reasons, the Court **GRANTS** Genesis' Motion for a Permanent Injunction for claims that were accrued up to the Final Judgment date of January 14, 2014.

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | kjt | |