JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARMALIEL AGUIRRE, LUIS BERNAL, KAREEM CRAIG, GREG GUERRERO, MARTHA HILDEBRAND, BRET LAMBOURNE, MATTHEW LAMBOURNE, DAN LE BOEUF, CARLOS MARTINEZ, BRIAN MATA, JOHN M. ORTEGA, ANTHONY ORTIZ, HENRY RENDON, KENNY SWAILS, and all other "aggrieved" employees, <br><br>Plaintiffs, <br><br>vs. <br><br>GENESIS LOGISTICS INC., an Ohio corporation, and DOES 1-100, inclusive, <br><br>Defendants | CASE NO.:SACV12-00687 JVS (KESx) <br><br> Judge: James V. Selna <br><br> **ORDER AND JUDGMENT OF DISMISSAL** |

1

Having previously granted preliminary approval (Dkt. #324) of the parties' Class Action Settlement and Stipulation Agreement (the "Settlement Agreement"), this matter now comes before the Court for final approval of the proposed settlement set forth in the Settlement Agreement. For purposes of this Order, all terms used herein shall have the same meaning as defined in the Settlement Agreement. Having reviewed and considered the papers, evidence and arguments in support of and in opposition thereto, the Court HEREBY FINDS AND ORDERS AS FOLLOWS:

1. This Court has jurisdiction over the subject matter of this litigation and over all Parties to this litigation, including the Plaintiffs and Class Members.

2. Distribution of the Notice of Proposed Settlement and Fairness Hearing as set forth in the Settlement Agreement and the other matters set forth therein have been completed in conformity with the Court's Order granting preliminary approval of the proposed settlement, including individual notice to all Class Members who could be identified through reasonable effort, and was the best notice practicable under the circumstances. This provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and the notice fully satisfied the requirements of due process. Zero (0) Class Members objected to the proposed settlement and only 2 Class Member opted-out of the proposed settlement.

3. Final approval of the proposed settlement set forth in the Settlement Agreement shall be and hereby is GRANTED. The Court finds that the proposed settlement is, in all respects, fair, adequate and reasonable and directs the Parties to

effectuate the Settlement Agreement according to its terms.  The Court further finds that the proposed settlement has been reached as a result of intensive, serious and non-collusive, arms-length negotiations.  The Court also finds that the Parties have conducted extensive investigation and research and counsel for the Parties are able to reasonably evaluate their respective positions.  The Court further finds that settlement at this time will avoid additional substantial costs, as well as avoid the delay and risks that would be presented by the further prosecution of this action.  The Court has reviewed the monetary recovery that is being granted pursuant to the Settlement Agreement and recognizes the value to the members of the Settlement Class of the monetary recovery.

4. As of the Date of Final Approval, all of the released claims of all Class Members who have not properly elected to exclude themselves from the terms of the Settlement Agreement are and shall be deemed to be conclusively released as against the Released Parties, and all such Class Members shall be and hereby are permanently enjoined from pursuing, or seeking to reopen, any Released Claims against any Released Parties.

5. The Settlement Agreement therein approved by this Order is not an admission by Defendant or any of the other Released Parties, nor is this Order a finding of the validity of any claims asserted in this action or of any wrongdoing by Defendant.  Neither this Order, the Settlement Agreement, nor any document referred to herein, nor any action taken to carry out the Settlement Agreement is, may be construed as, or may be used as an admission by or against Defendant or any of the other Released Parties of any fault, wrongdoing or liability whatsoever.  The entering into or carrying out of the Settlement Agreement therein approved by this Order, and any negotiations or proceedings related thereto, shall not in any

event be construed as, or deemed to be evidence of, an admission or concession with regard to the denials or defenses by Defendant or any of the other Released Parties and shall not be offered in evidence in any action or proceeding against Defendant or any of the Released Parties in any court, administrative agency, or other tribunal for any purpose whatsoever other than to enforce the provisions of this Order, the Settlement Agreement as approved in this Order, or any related agreement or release. Notwithstanding these restrictions, any of the Released Parties may file in this action or in any other proceeding this Order, the Settlement Agreement, or any other papers and records on file in this action as evidence of the settlement approved by this Order to support a defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense as to the Released Claims.

6. The Court APPROVES the proposed allocation of the Gross Settlement Fund as set forth in the Settlement Agreement.

7. The Court APPROVES Class Counsel's requests for $2,333,333 in attorneys' fees and $61,635.94 in costs to be paid from the Gross Settlement Fund provided for in the Settlement Agreement.

8. Class Counsel shall not be entitled to any other award of attorneys' fees or costs in any way connected with this action. Any separate appeal from this Order as to the Class Counsel Attorneys' Fees and Costs and/or the Class Representative Enhancement shall not operate to terminate or cancel the Settlement Agreement or otherwise affect the finality of this Order.

///

9. The Court APPROVES the enhancement payment of $5,000 - $15,000 each to the Class Representatives (for a total of $190,000) from the Gross Settlement Fund. The Court APPROVES the following tiered enhancement awards:

### Tier One: $15,000

| | | |
|---|---|---|
| Garmaliel Aguirre | Brian Mata | Monica Torres |
| Martha Hildebrand | Henry Rendon | |
| Bret Lambourne | Kenny Swails | |

### Tier Two: $10,000

| | | |
|---|---|---|
| Luis Bernal | Quincy Jefferson | John M. Ortega |
| Greg Guerrero | Dan Le Boeuf | Anthony Ortiz |

### Tier Three: $5,000

| | | |
|---|---|---|
| Kareem Craig | Matthew Lambourne | Nicho David Vera |
| Juan Gonzalez | Carlos Martinez | |

10. The Court APPROVES the payment of $1,000,000.00 of the Gross Settlement Amount as PAGA penalties from the Gross Settlement Fund. This $1,000,000 will be distributed with 75% ($750,000) going to the California Labor and Workforce Development Agency, and the remaining 25% ($250,000) being divided equally among the Settlement Class Members and included in their Settlement Awards.

11. The Court APPROVES the payment of $12,250 to the Claims Administration from the Gross Settlement Fund.

12. Without affecting the finality of this Order in any way, this Court hereby retains jurisdiction over the interpretation, implementation and enforcement of the Settlement Agreement and all orders and judgments entered in connection therewith. For all other purposes, judgment is entered under the terms of this Order, and this case is dismissed with prejudice.

IT IS SO ORDERED, ADJUDGED AND DECREED.

DATED: November 29, 2017

Honorable James V. Selna
United States District Court Judge